UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERALD STANFORD<br>    Plaintiff, | § § § § § § | |
| v. | § § § | CIVIL ACTION No. |
| AIR METHODS CORPORATION<br>COOK CHILDREN'S MEDICAL<br>CENTER,<br>    Defendants. | § § § § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONOURABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, Gerald Stanford, (herein also referred to as "Stanford," or "Captain Stanford,") through his attorney, Raul Loya, of Loya & Associates, and files this, his Plaintiff's Original Complaint, complaining of the Defendants Air Methods Corporation and Cook Children's Medical Center, and, in support of a cause of action, would respectfully show unto this Court the following:

1.      Plaintiff Gerald Stanford, an individual, may be served with process in this matter by serving his attorney in charge in this matter, Raul Loya, at Loya & Associates, 10830 N. Central, Expressway, Suite 200, Dallas, Texas 75231.

2.      Defendant Air Methods Corporation., a foreign corporation organized under the foreign laws of the foreign state of Delaware, may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

3.  Defendant Cook Children's Medical Center, a domestic corporation, may be served with process by serving its registered agent, Rick Merrill, at 801 Seventh Avenue, Fort Worth, Texas 76104.

4.  This is an employment discrimination case arising under the Americans with Disability Act, 42 U.S.C. § 12111 et seq., the Age Discrimination in Employment Act, and the Family And Medical Leave Act.  This court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, since these claims arise under federal statutory law.

5.  Plaintiff has exhausted all of his administrative remedies and received a right to sue by the Equal Employment Opportunity Commission and the Texas Commission on Human Rights.  Within the specified period of time, Plaintiff filed his original complaint alleging, *et alius*, employment discrimination based on disability and age.

6.  Prior to bringing his ADA and ADEA causes in federal court, Plaintiff exhausted all of his administrative remedies.  Exhaustion occurs when an individual files a timely Charge of Discrimination with the EEOC and subsequently receives a statutory notice from the Commission of the right to sue.  The Plaintiff was issued a right-to-sue notice, thus confirming that all administrative remedies were exhausted and that he could initiate judicial proceedings.  The Plaintiff brought his civil action within the allotted time in accordance with 42 U.S.C. § 2000e-5(f)(1).

7.  Captain Gerald Stanford, is a helicopter pilot.  Until February 2, 2009 Stanford was the employee of Defendant Air Methods and assigned to work at Defendant Cook Children's Medical Center.  Defendant Air Methods provides air ambulance service for the children's hospital.

8. On or about, October 28, Captain Stanford was involved in a bicycle accident completely unrelated to his work. Captain Stanford's bicycle injuries rendered him unconscious and landed him in the hospital. His recovery took weeks.

9. While recovering from his injuries Captain Stanford's coworkers and attendant medical personnel became privy to his medical healthcare information. The attendant medical staff at Defendant Cook Children's hospital and medical personnel at Air Methods disclosed confidential health information regarding Captain Stanford's medical condition in violation of the Health Insurance Portability and Accounting Act, 45 Code of Federal Regulation §164.103 -530(a) and (b). Shortly thereafter, the coworkers at Air Methods took issue on the Captain's ability to pilot.

10. According to Defendant Air Methods, the medical supervisors at Defendant Cook Children's Hospital claimed to "lose confidence" in Captain Stanford's ability to pilot. It quickly became apparent that his employer Air Methods Corporation would no longer allow him to return to work.

11. Captain Stanford's piloting ability had never before been an issue. After Captain Stanford recovered from his injury but before returning to duty, Defendant Party Air Methods required him to demonstrate his fitness for duty. The Captain complied and satisfied Defendant Air Methods's testing. Nonetheless, the Defendants made false accusations against Plaintiff claiming pilot error.

12. Three days after returning to duty, Defendant Air Methods claimed that several of Plaintiff's fellow employees—who were, as part of their jobs, the Captain's passengers— had expressed concern about the Captain's ability to pilot them. Such allegations were false. Defendants Air Methods and Cook Children's Medical Center required Captain Stanford to forfeit his valid FAA medical certificate to repeat same additional medical

tests while refusing to review the initial tests that released the Captain back to flight status and then terminated Plaintiff's employment.

13. Plaintiff, a person over fifty years of age, is a member of a protected class. Defendant Air Method's requirement that he submit to special, unusual, and inordinate testing, while not requiring the same of his younger counterparts, discriminated against Plaintiff based on his age in violation of Texas Laws and Federal Laws. Defendant Air Methods made false accusations of pilot error and lack of fitness for duty as a pretext to terminate Plaintiff.

14. Plaintiff brought this to the Air Method's attention and told them that he opposed their discriminatory practices. Air Methods then retaliated against Plaintiff by terminating his employment.

15. When Plaintiff was unable to work because of his injuries sustained in the bicycling accident he was using medical leave rights afforded by the FMLA. Importantly, because of the emergency nature of the need, Plaintiff was unable to notify Defendants before hand of the need for the leave. They were notified promptly. After Plaintiff had recovered from his injuries and able to return to work, but before he could do so, Defendants interfered with his FMLA rights by terminating his employment.

16. The Defendants violated Captain Stanford's rights afforded by the Health Insurance Portability and Accounting Act, 45 Code of Federal Regulation §164.103 - 530(a) and (b). In addition, Captain Gerald Stanford was fired because of his disability and in retaliation for taking medical leave in violation of the Family and Medical Leave Act (FMLA), the ADA, ADEA, and the Texas Labor Code and any other federal or state laws that may be applicable.

17. Plaintiff sues pursuant to the Supreme Court case *Kolstad v. American Dental Associates* to recover Punitive and Exemplary Damages against Defendant based on the Defendant's gross negligence in causing the incidents made the basis of this suit. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with fraud, oppression and malice; with a conscious disregard for his rights; and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendants, through their officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and supervisors. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

18. Plaintiff has suffered actual injury and damages as a result of the Defendants' conduct and discriminatory practices as described herein. Defendants are jointly and severally liable to Plaintiff for ACTUAL DAMAGES, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, INTEREST, COURT COSTS, ATTORNEY FEES and any and all other relief in law or equity, to which Plaintiff is justly entitled. All damage claims are within the jurisdictional limits of this Honorable Court.

19. The plaintiff hereby demands a trial by jury.

**WHEREFORE**, the plaintiff prays that the Court grant the following relief:

> (a) Require the Defendants to provide sufficient equitable and legal relief, including all back pay and benefits, to make whole the Plaintiff for the losses he has suffered as a result of the discrimination against his as alleged in this Complaint;
>
> (b) Award Compensatory Damages to Plaintiff for future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

(c) Award Plaintiff attorney fees and the costs and expenses of this action and related administrative proceedings;

(d) Award Plaintiff Punitive Damages in an amount determined by the jury; and

(e) Grant such other relief as the court deems just.

Respectfully submitted,

**LOYA & ASSOCIATES**

_s/ Raul Loya_____
Raul Loya
Texas Bar No. 00791142
10830 N. Central Expressway, Suite 200
Dallas, Texas  75231
Telephone     (214) 521-8766
Facsimile       (214) 521-8820
**ATTORNEY FOR PLAINTIFF**